*Margin note:* EASTERN DIST. *March,* 1836.

STEIN
*vs.*
BOWMAN,
CURATOR, ETC.

---

## STEIN *vs.* BOWMAN, CURATOR, &c.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. TAMMANY.

Until an heir is recognised and admitted as such, he has no action against the curator or administrator of the estate of the deceased, to compel an account, and is not entitled to notice of the proceedings in relation to the administration. In the meantime, the attorney of absent heirs can call on the administrator to render an account.

36

EASTERN DIST.
March, 1836.

STEIN
vs.
BOWMAN,
CURATOR, ETC.

A provisional account and prolongation of the administrator's term, is not conclusive on the heirs at law, who may afterwards appear and be recognised. The judge is to receive and approve such account on his official responsibility, contradictorily with the attorney for the absent heirs.

The fee, or allowance to the attorney of absent heirs, and to the attorney of, the curator of an estate, should be graduated by the value of the services rendered.

This case commenced by an opposition to the account filed by the defendant, as curator of Nicholas Stein's estate, and to the prolongation of his term.    Bowman presented an account to the Court of Probates for the parish of St. Tammany, of his first year's administration, and prayed that it be homologated, and that he be continued another year in his curatorship.    The amount of available funds accounted for, was three thousand six hundred and forty-four dollars.    The disbursements consisted of one thousand five hundred dollars each, to the attorney for absent heirs, and the attorney to the curator ; in all, three thousand dollars, with other payments to the amount of four hundred and fifty dollars, leaving a balance on hand of one hundred and ninety-four dollars. The probate judge approved and homologated the account, and re-appointed the curator for another year.

John Frederick Stein, while his application and suit was still pending to be recognised and admitted as heir to Nicholas Stein, filed his petition and made opposition to the order of the probate judge approving the curator's account, and prayed that the order be set aside, and that the curator and attorney for absent heirs be required to settle the accounts of said estate, and pay over the proceeds to him as lawful heir, &c. The grounds upon which the opponent moved to set aside the account and order approving it, are fully stated in the opinion of this court, now reported.

The probate judge overruled this opposition and motion, and Stein appealed.

*Grymes, Eustis* and *Chinn*, for the opponent and appellant, made the following points:

EASTERN DIST.
*March,* 1836.

STEIN
*vs.*
BOWMAN,
CURATOR, ETC.

1. The probate judge erred in allowing the defendant, in the settlement of his account, the two items of one thousand five hundred dollars each, to the two attorneys of absent heirs and of the curator.

2. The whole proceeding of the judge of probates in homologating and approving the curator's account, and his reappointment, are erroneous and illegal on their face, and should be set aside.

*L. Janin,* contra.

*Bullard, J.,* delivered the opinion of the court.

This case must be considered as intimately connected with the one between the same parties, just decided, and the two were in fact tried together.

It appears, that the curator of the vacant estate of Nicholas Stein, at the expiration of the year of his curatorship, filed an account of his administration, and prayed for a renewal or continuation of his curatorship for another year. The account was approved by the court, contradictorily with the attorney of absent heirs, and the curatorship prolonged.

John F. Stein, the appellant, and whose suit to be recognised as heir, was still pending, several days after this order was given, came into court, and by his attorney filed a written motion to set aside the proceedings, on the following grounds : 1st. That the order purports to be a judgment homologating the curator's account, and reappointing him for another year, and as such is void, because rendered out of term time, and *ex parte* ; 2d. That the appearer had already cited the curator to render an account, and to surrender the estate to him as heir at law of the deceased, and that said account should have been rendered in that suit, or at least he should have been cited or notified of the application for reappointment ; 3d. That the account was homologated without proof of its correctness, and the charges are not supported by vouchers ; 4th. That the allowance of one thousand five hundred dollars to the attorney of absent heirs, is extravagant and highly exorbitant, no services having been rendered by him to entitle him to such a sum, and

EASTERN DIST.
March, 1836.

STEIN
vs.
BOWMAN,
CURATOR, ETC.

that the allowance of one thousand five hundred dollars to the attorney of the curator, J. R. Jones, is exorbitant, and without evidence of his having rendered any services; 6th. That the sum of one hundred dollars paid to the judge, was illegally paid, no fee.bill having been exhibited; 7th. That all the charges are liable to similar objections.

This motion was overruled, and the opponent appealed.

Until an heir is recognised and admitted as such, he has no action against the curator or administrator of the estate of the deceased, to compel an account, and is not entitled to notice of the proceedings, in relation to the administration. In the meantime the attorney of absent heirs can call on the administrator to render an account.

To the two first grounds of opposition, it appears to us a sufficient answer, that until the appellant had been admitted as heir of the deceased, he had no action to compel an account, and was not entitled to notice of any proceedings had in relation to the administration of the estate. The Louisiana Code provides, that until an heir has been recognised and admitted, the curator may be called to render an account by the attorney of absent heirs. *Louisiana Code,* 1181, 1182, 1183.

A provisional account, and prolongation of the administrator's term, is not conclusive on the heirs at law, who may afterwards appear and be recognised. The judge is to receive and approve such account, on his official responsibility, contradictorily with the attorney for absent heirs.

With respect to the remaining objections, this court feels itself bound to remark, that although the appellant has not shown any right to interfere, and although we cannot adjudicate on the correctness of the account rendered by the curator, as the case is now presented to us; yet we consider such provisional account as not conclusive on the heirs at law, who may afterwards appear and be recognised as such. The judge is to receive and approve such account on his official responsibility, contradictorily with the attorney of absent heirs, and to order the balance in the hands of the curator, whose term is prolonged, to be paid over to the state treasurer. *Louisiana Code,* 1197, 1198. The estate consists principally of money and stocks, and evidences of debts due the deceased, and we see no evidence accompanying the account, which justifies the allowance of one thousand five hundred dollars each, to the attorney of the curator, and the attorney of the absent heirs. It has long been a subject of just reproach, that extravagant allowances are made to counsel in relation to the administration of estates; it is an abuse which can only be corrected by the courts inflexibly adhering to the rule, to graduate the fee by the value of the services rendered.

The fee or allowance to the attorney of absent heirs, and to the attorney of the curator of an estate, should be graduated by the value of the services rendered.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court, overruling the motion, be affirmed, with costs.