### WILLIAMSON vs. HYMEL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the *procès verbal* of sale states it to be of a plantation *two* arpents front by forty arpents in depth, " *the lines converging*," the purchaser does not acquire eighty superficial arpents in a parallelogram of two by forty arpents.

In actions of *bornage*, a dividing line *long* established between the parties and referred to in the *procès verbal* of sale of the plantation to the plaintiff, will be taken as the true one, in preference to running a new line more in accordance with the calls and distances, and which gives to the plaintiff a larger boundary.

So, where a person purchases an indefinite quantity, he cannot claim beyond a line which existed long before his purchase, and which is referred to in the description and *procès verbal* of sale.

This is an action of *bornage*, in which the plaintiff seeks to have the side lines of his plantation, consisting of two arpents front and forty arpents in depth, run at right angles instead of converging in the rear, so as to include eighty superficial arpents.

All the facts and pleadings that are material in the case, are fully stated in the following opinion of the court.

There was as many as three successive trials and verdicts for the defendant, and from the judgment confirming the last one, the plaintiff appealed.

*Taylor*, for the plaintiff, contended, that when the plaintiff purchased the tract adjoining the defendant, it was described in the *procès verbal* of sale, as having two arpents front, with the depth of forty ; this should give a superficial quantity of eighty arpents, which the defendant refuses by the boundary he sets up. 6 *Martin, N. S.,* 700–1. 7 *Ibid.* 119–20.

2. Duhon, under whom the plaintiff claims, and the defendant, acquired title from one common proprietor, viz : from the widow Bourg. She sold the tract claimed by the plaintiff to her son, Baptiste Fabien Bourg, in July, 1810, who sold to Duhon, under whom the plaintiff claims, in 1814. He transferred the adjoining tract to the defendant, in 1829. In this case a preference must be given to the title of plaintiff, because it is the most ancient. *Louisiana Code,* 843. 6 *Martin, N. S.* 700. 10 *Martin,* 288.

3. The plaintiff, in purchasing the land in question at the sale of Duhon's succession, acquired all the land owned by Duhon, adjoining Mr. Williamson below, and defendant above, from boundary to boundary. *Louisiana Code,* 850, 2471. 8 *Martin,* 714. 5 *Martin, N. S,.* 239. 2 *Louisiana Reports,* 502. 5 *Louisiana Reports,* 227.

4. The defendant has not shown that the boundary line contended for by him, had been established with the consent

of the parties whose lands adjoined. *Civil Code, page* 310, *article* 241. *Louisiana Code,* 2255. 12 *Martin,* 649, 667, 670.

*Marsoudet, contra.*

*Bullard, J.,* delivered the opinion of the court.

The petition sets.forth, that a tract of land on the bayou Lafourche, having a front of six arpents and twelve toises, with the ordinary depth, was confirmed to the widow of Fabien Bourg, in conformity to a survey made in 1790, by order of Governor Miro; by which survey it appears that the side lines of the tract closed or converged nearly six degrees. That the widow Bourg, immediately after the confirmation, sold to Baptiste Fabien Bourg two arpents front of the said tract, with the ordinary depth; that Duhon afterwards purchased from Bourg, and that in 1833, the petitioner became the purchaser of the same at the public sale of the succession of Duhon. The petitioner complains that the defendant, Hymel, who owns the residence of the original tract, has illegally taken possession of a part of his land thus acquired, and he prays that a survey may be ordered, and that he may be adjudged to be the proprietor of eighty superficial arpents, having a front of two by a depth of forty arpents; and he prays the necessary process to put him in possesion and fix his boundaries.

The defendant answered by a general denial and precription. The case appeared to have been tried by three successive juries, whose verdicts were uniformly for the defendant, two new trials having been allowed by the court, on the ground that the verdicts were contrary to law and evidence. On the last, however, a judgment having been pronounced, the plaintiff prosecutes this appeal.

Our first inquiry must be how much land did the plaintiff acquire at the public sale of the estate of Duhon, for if he purchased eighty superficial arpents, he is entitled to recover that amount, unless the defendant exhibits a better title or sustains his plea of prescription.

The description of the tract of land in the *procès verbal* of sale, which is signed by the plaintiff, is as follows: "Une habitation de deux arpens de face sur quarante de profondeur, bornée d'en haut par Gabriel Hymel, et par en bas par Dr. Williamson, *les lignes fermant, etc.*" The expression "*les lignes fermant,*" by which we understand that the side lines converged or approached each other as they recede from the front, cannot be rejected as surplusage, and it necessarily follows, that the plaintiff understood at the time, that he was buying, in fact, less than a superficies of eighty arpents. It is true the degree of convergence is not stated, but it is enough that the purchasers did not acquire a parallelogram of two by forty arpents. The action, therefore, as relates to the defendant, is essentially one of *bornage*, and the only difficulty consists in fixing a division line between the parties who appeared to be owners in the different proportions of the same original tract, confirmed to the widow of Fabien Bourg.

It appears that the side lines of the whole tract, as originally surveyed, converged six degrees, and perhaps the most equitable division would be such a line as would give to each party such proportion of the superficies, as each one's share of the front bears to the whole front. If the question were *res nova*, it would appear to us that the line A B on the plat, accompanying the *procès verbal* of the surveyor, who acted under an order of court, would be the most equitable; but we are bound to inquire how far a long acquiescence, in a line slightly variant from that, to wit: A C, has settled the rights of the parties to this controversy.

The evidence shows that two boundary posts exist on the line A C, which the defendant insists is the division line; that there is also a lane running back, and dividing the land as claimed by the defendant, and that he, and those under whom he holds, have been in possession about fifteen years, during which period the lane has existed as it now is.

How far this was originally a conventional line, we are not informed, but that it had been acquiesced in for many years before the plaintiff purchased, is beyond doubt. That part of the Louisiana Code which treats of the fixing of the

EASTERN DIST.
*May*, 1837.

WILLIAMSON
*vs.*
HYMEL.

Where the *procès verbal* of sale states it to be of a plantation *two* arpents front by forty arpents in depth, "*the lines converging,*" the purchaser does not acquire eighty superficial arpents in a parallelogram of two by forty arpents.

In actions of *bornage*, a dividing line *long* established between the parties, and referred to in the *procès verbal* of sale of the plantation to the plaintiff, will be taken as the true one, in preference to running a new line more in accordance with the calls and distances, and which gives to the plaintiff a larger boundary.

EASTERN DIST.
*May*, 1837.

PROCTOR
*vs.*
RICHARDSON
ET AL.

limits of land, establishes as a principle, that when both parties acquired title from a common proprietor, the preference shall be given to him whose title is the most ancient, unless an adverse possession for a time sufficient to establish prescription has produced a difference in the situation of the parties. *Article* 843.

So, where a person purchases an indefinite quantity, he cannot claim beyond a line which existed long before his purchase, and which is referred to in the description and *procès verbal* of sale.

We think, therefore, the jury was warranted in concluding that the plaintiff, having purchased an indefinite quantity, could not claim beyond a line which existed long before his purchase, and that the description of the plantation in the inventory and in the *procès verbal* of sales, referred to the existing lane and division line, as they had remained for fifteen years.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.