ALEXANDRINE ARRIEUX *v.* IGNACE DUGAS, Administrator of the Succession of Pierre Arrieux, deceased.

The usual publication in the newspapers, calling on all whom it may concern, to show cause, if any they can, why a tableau of distribution of the effects of a succession should not be homologated, is sufficient notice. No citation, or actual notice is necessary.

APPEAL from the Court of Probates of Ascension, *Duffel,* J.
*Connely*, and *M. Taylor*, for the appellant.
*A. Duffel*, for the defendant.

GARLAND, J. The plaintiff claims from the estate of her deceased husband, the amount for which he sold a tract of land, which she contends was her property, it having been paid for by her interest in the estate of her deceased father. It appears that her interest was $5103, in discharge of which, her husband took

a sale of the land to himself, at the price of $5000, and received the balance in money or property, for which he gave a receipt. The three *arpens* front of land so obtained, formed a portion of a larger tract which Pierre Arrieux sold for $18,000 ; and the plaintiff contends, that she is entitled to claim the sum of $7714, as her proportion of that price, and asserts a lien on the proceeds of the real estate of her deceased husband, in the hands of the administrator. The evidence sustains the allegations in the petition, on this part of the case. But to this demand, the defendant answers, and establishes beyond controversy, that in the year 1838, he presented to the Court of Probates, a tableau or list of debts owing by the estate, accompanied by a statement of the respective mortgages and privileges, and of the amount which was to be applied to their discharge. That on this tableau, the plaintiff was placed, at the instance of her counsel, as a creditor for $5103, and her lien recognized. That no complaint of any injustice was made. That she purchased property at the sale of her husband's estate, for an amount exceeding the sum recognized, and that, not being able to pay the balance, she was sued by the defendant, and a judgment obtained against her, which was satisfied by the seizure and sale of her property, she, never pretending to have a claim for more than the sum of $5103, until the institution of this demand. The defendant also pleads *res judicata*, basing his plea on the proceedings had when the tableau was filed, and on the judgment thereon. The counsel for the plaintiff contends that, his client had no notice of these proceedings, as no actual notice or citation has been produced, and a constructive notice is not sufficient. It is shown that the usual notice of a publication in the newspapers was made ; and if that were not sufficient, it is difficult to believe, after the plaintiff had been sued by the defendant, for the excess of the price of her purchases at the sale of her deceased husband's estate, and upon an execution, had paid the amount, that she should have been ignorant of the proceedings relating to the homologation of the tableau. As to this part of the plaintiff's claim, we think the plea of *res judicata* is completely sustained.

The plaintiff also claims the sum of $1467 33, with a privilege on the proceeds of her deceased husband's estate. The defendant denies that she has any privilege, and avers that that question has

also been settled by the homologation of the tableau filed by him. This claim of privilege arises since the judgment of homologation. It appears, that in May, 1834, the Union Bank made a loan of $3000 to Arrieux and his wife. They gave a mortgage on a tract of land in the Parish of Assumption, and several slaves attached to it, to secure the payment. The husband and wife bind themselves jointly and severally to pay the amount. The property mortgaged, we assume to belong to the community, as the contrary is not shown. The mortgage was recorded in the Parish of Assumption only. The defendant, when he filed his tableau of debts in the Probate Court, placed the Union Bank on it as a creditor for $3000, with interest, with a privilege on the proceeds of the sale of the land mortgaged, but not on the proceeds of the sale of the slaves, alleging that the mortgage had never been recorded in the Parish of Ascension, where Arrieux and his wife resided, and where the slaves were. The Bank made no opposition, and the tableau was so homologated. The consequence was, that the proceeds of the land were not sufficient to pay the debt to the Bank, and that corporation, some time after, sued the plaintiff as one of the obligors to it, and recovered a judgment for the sum remaining due, which was paid by her, and amounts to the sum claimed. The plaintiff alleges, that she has a right to a privilege on the proceeds of the sale of the real estate of her husband. This, the defendant denies, alleging that the plaintiff has no higher right than the Union Bank had to whose rights she is subrogated : and that, those rights having been settled by the judgment of homologation, she is bound by it ; and the plea of *res judicata* is again interposed.

The view we have taken of this part of the case, is different from that of the Judge of the lower Court.* We are of opinion that the provision in the charters of a number of our banks, which authorizes the wife to bind herself with her husband, towards the institution contracted with, does not alter or affect the rights of

* The Judge of the Probate Court dismissed the plaintiff's petition, reserving to her the right of claiming the dividend falling to the Union Bank of Louisiana, on the final partition of the funds reserved for the payment of the ordinary creditors of the succession.

mortgage or privilege in favor of the wife, previously existing, either against the husband or third persons. The provision in relation to contracting with banks, is an exception in their favor, and does not destroy the general mortgage resulting from the wife's becoming security for her husband, and being compelled to pay his debts.

At the time when the tableau was homologated, the plaintiff did not know, that she would be compelled to pay any portion of the debt for which she had bound herself with her husband, as the land alone had sold for $3000, and she could not know, until a judgment was obtained against her, that she would be compelled to pay the balance of the debt to the Bank. Whilst the proceedings relating to the homologation of the tableau of distribution were pending, she could not anticipate the decision of the Probate Judge, and know that he would decide that the Bank had lost its privilege on the proceeds of the slaves. If a different decision had been given, she would not have had anything to pay. The rights of Madame Arrieux arise subsequent to this judgment, so far as her claim to a legal mortgage is concerned.

The judgment of the Probate Court is, therefore, annulled and reversed, and it is ordered and decreed, that the plaintiff do recover of the administrator of the estate of Pierre Arrieux, deceased, the sum of fourteen hundred and sixty-seven dollars and thirty-three cents, the amount paid by her to the Union Bank of Louisiana, on account of the debt owing said institution, by her said husband ; and, that she be placed on the final tableau of distribution of the funds in the hands of the administrator, as having a legal mortgage to secure said sum, on the proceeds of the real estate of said deceased, in his hands to be administered. The other portion of the plaintiff's claim is rejected, and the succession of Arrieux condemned to pay the costs in both courts.