### SUCCESSION OF U. H. VIRGIN.

Where the means of a succession are limited, the fee of its attorney will be made to correspond.

Subrogation to the right of a creditor in favor of a third person who pays him, is either conventional or legal.

The subrogation is conventional :—When the creditor, receiving his payment from a third person, subrogates him in his rights, actions, privileges, and mortgages against the debtor; this subrogation must be expressed and made at the same time as the payment.

Prescription is not interrupted by any process served upon a person, in his official capacity, before his appointment to office.

APPEAL from the District Court of the Parish of Jefferson, *Burthe*, J. *H. H. Strawbridge and H. D. Ogden, for Mrs. Child, opponent.*—Admitting that the widow is in indigent circumstances, still we say that, in the present case, she nor her children are entitled to anything. · The opponent's judgment was recorded long prior to the death of Virgin, and had it not been for the fraudulent proceedings of Virgin and wife, in placing the property beyond the immediate reach of the creditors, deponent would have had her judgment satisfied during Virgin's lifetime, and we consider that the widow cannot be now allowed to profit of her own wrongful acts. 2 An. 15 and 16.

Again, the property was in the name of a third party; it never would have been inventoried or treated as property of deceased, had it not been for the judgment obtained by opponent. The judgment in the action of the creditor, in avoidance of contract, is that the contract be avoided as to its effects on the complaining creditor, and that the property be applied to the payment of the plaintiff. C. C. 1972.

Such an action does not benefit any other than the complaining creditor ; the sale was avoided only as to its effects on the opponent, the complaining creditor. 1 Rob. 89; 16 La. 140; 9 Rob. 28; 6 La. 540.

With respect to Mr. E. F. Virgin and his multifarious demands, in addition to the authorities above cited, a few observations will suffice. His claims of $159 for taxes paid, and of $241 for insurance effected on property not his own, but probably held at the time by Mrs. Virgin, are futile; for he produces no deed of subrogation, and not being bound, either with or for Uriah H. Virgin, or his wife, no subrogation took place, of right. Neither the taxes or insurance took precedence of the vendor's privilege, imparted by the note, of which he pretends to be holder; if, indeed, the debt which it is produced to prove has not really ceased to exist.

The note in question was, originally, for a sum of $———. It bore date 6th April, 1853, and was secured by special mortgage, in favor of the original holders.

Whether or not the record contains any proof of the registry of this mortgage, is a question of fact of secondary importance; for, beyond the mere fact of E. F. Virgin's possession of the obligation, nought proves that he holds it by title of ownership. His own evidence proves that it has been *paid*, not purchased. By the record it appears that, in 1854, U. H. Virgin himself paid $600 on account, and obtained an extension or renewal of twelve months from the holders; and E. F. Virgin himself furnishes proof of payment of the remainder. This he did long after its maturity. He took no transfer or subrogation. He has not even called in the holders to prove a purchase. C. C. 2156; Troplong, No. 353. He has, by his own voluntary act, extinguished the debt, and cannot now revive the collateral mortgage to the prejudice of third persons. Whether in making the payment he acted in his own name or in that of Uriah Virgin, or his estate, is immaterial; in either case the mortgage could not be kept alive. C. C. 2130, 2131; *Nichols* v. *His Creditors*, 9 Rob. L. R. 476; *Harrison* v. *Bisland*, 5 ib. 209, etc.

Notice of seizure to Mrs. Virgin was no notice to the estate; and although she received letters, as administratrix, on the 15th of April, 1860, no executory proceedings were prosecuted against her in that capacity. The mere filing of a petition of seizure and sale did not interrupt prescription, for it is only actual citation or its equivalent process of notice in executory matters which produces that effect. 6 N. S. 130; 9 Rob. L. R. 105; 2 An. 927. Under the decision in *Harrod* v. *Voorhies*, 16 L. R. 254, enforcement of an order of seizure and sale against property did not interrupt limitation of the debt itself; the actions in rem and in personam being viewed as different in their effects. If later decisions have adopted into our practice the article 2244 of the Napoleon Code, much more distinct and clear than our article 3484, it is all a stronger reason for also following Napoleonic article No. 2247, which declares the interruption a nullity of the creditor "laisse perimer l'instance," or, in the words of Art. 3485 of the Code of Louisiana, "abandons or discontinues" his demand after having made it. Surely the empty ceremony of issuing executory process, which, as every circumstance indicates, the

creditor never really intended to enforce, and under which the office does not seem to have taken even a constructive possession, can hardly be held to be an interruption of prescription, as to third persons.

*R. King Cutler, for Mary A. Virgin, administratrix, and E. F. Virgin, appellants.*—Edwin F. Virgin, as the holder and owner of the promissory note, with mortgage on the property in question, filed his petition on the 22d of March, 1860, praying for an order of seizure and sale, which was granted on the same day.

By service of notice it will be seen that, on the 27th day of March, 1860, the notice of seizure and sale was served on Mrs. U. H. Virgin, in her capacity of tutrix, personally.

That suit, notice and service, interrupted prescription, and at once strikes a fatal blow at opponent's plea of prescription, and is supported by the following authorities: C. C. 3492, 2615; C. P. 63, 66 and 734; C. C. 1395 and 1396; C. P. 984, 985 and 986; 12 Rob. 507; 1 An. 204; 2 An. 145 and 514; 3 An. 268; 5 An. 737; 11 An. 34; 3 An. 714.

Service was made in the manner pointed out by law, and upon the only representative of the deceased, U. H. Virgin. The rule of law and practice in proceedings via executiva and via ordinaria are widely different, and that difference is distinctly marked; but, notwithstanding, it would seem, by the language used by opponent's counsel, that he entertains a different opinion on this subject from that expressed by the books. He says: "Enforcement of an order of seizure and sale against property did not interrupt limitation of a debt itself." Citation, according to law, in ordinary cases, interrupts prescription, and in proceedings via executiva a mere notice of seizure and sale has the same binding and legal effect.

ILSLEY, J.   The Court very properly sustained Mrs. Child's claim for three thousand one hundred and ninety dollars as a privilege claim, only inferior to those specially mentioned in the decree of the lower Court.

The reduction of the fee to the counsel for the succession, to two hundred dollars, was correctly made, on account of the limited means of the succession. See *Succession of Jean Mayer*, 12 Rob. 413; *Stein* v. *Bouman's Curator*, 9 La. 284.

The claims of E. F. Virgin, for taxes of 1857, 1859, insurance, counsel's fees, costs of protest, and fees in his suit against the property, were properly disallowed as privilege claims. By paying them he was not subrogated to all the rights of the original creditors. In his hands they are merely ordinary claims. See Arts. 2156, 2157 C. C.; *Harrison* v. *Bisland*, 5 Rob. 209; *Nicholls* v. *His Creditors*, 9 R. 406.

The mortgage given to secure the note of fourteen hundred dollars, claimed by E. T. Virgin, was extinguished by payment of the note made by *him* to the holders of it; and even the debt, if it had any vitality, after payment made by him, was extinguished by prescription. The notice of seizure and sale, served on Mrs. Virgin, within the period or term of pre-

scription, did not interrupt it against the succession, as Mrs. Virgin only became administratrix after prescription was complete; E. F. Virgin's claim, therefore, was properly disallowed.

The claim of Mrs. Virgin, under the homestead law, was properly allowed, subject to the deductions made by the Court, and which reduced it to three hundred dollars. We think the settlement made of her claim was a fair and legal one.

It is therefore ordered, adjudged and decreed, that the demand and oppositions of Mrs. Child to these several items in the administratrix's account be sustained, and that the judgment of the lower Court be affirmed, the costs of appeal to be paid by the succession.