On Rehearing.*
Ludeiüng, O. J.
In May, 1868, this Court delivered an opinion in this case, reversing the judgment of the Court a qua, and dismissing1 the suit, on the ground that the Second District Court of New Orleans was without jurisdiction raiione material.
On the 22d June, 1868, a new hearing was granted on the question of jurisdiction. ' '
*578 The plaintiff alleges that she was married to Claude Guichonnet on 6th July, 1863; that there was a marriage contract between them, which contained the following clause: “En considération dufutur mariage etpour se donner une preuve de l’attachement que les futurs époux se portent, ils se font, parles presentes, donationmutueile etirrevocable ausurvivant d’eux, de tous les biens dont se composera la succession du prémourant.” That C. Guichonnet died on 2d July, 1865; that the succession was opened in the Second District Court of New Orleans, and that said A. Rougieux, obtained the curatorship of said succession by falsely and fraudulently pretending to be a creditor; that said Rougieux, having thus obtained possession of the property of the succession of Claude Guichonnet, caused it to be sold, and after paying the debts of the succession, he appropriated the balance of the assets of said succession, amounting to three thousand three hundred and twenty-six dollars and fifty cents ($3,326 50) to the payment of a certain mortgage note for twelve thousand dollars, said to have been executed by the said Guichonnet before Adolphe Boudousqnie on the 31st May, 1864, in favor of Malvina Aminthe Marie Castetz, wife of Aman Rougieux, of the city of New Orleans. She further alleges that her said husband did not execute the aforesaid obligation and mortgage; that Claude Guichonnet never borrowed any money whatever from said Malvina Amenthe Rougieux, and that she never had any money to lend; that the note and mortgage, if proved to have been signed by said Guichonnet, was false, fraudulent and simulated, and made for the purpose of defrauding your petitioner of her lawful rights. She prays that her marriage contract may be filed and declared valid; that she be recognized as sole heir of the estate of Claude Guichonnet; that said Aman Reugieux, curator as aforesaid, be cited to answer the petition; that the pretended mortgage be declared fraudulent and simulated, and that said curator pay ovm' to your petitioner, not only the property mentioned in the inventory, but all such other property belonging to the succession of her late husband as he may have failed to inventory, and which he or his wife may have appropriated to their own use, etc.
The pleadings are somewhat confused, but from the foregoing allegations and prayer, we think, the suit may fairly be regarded as an action to be recognized as heir, ana to be put in possession of the estate.
The plaintiff prays distinctly that she may be recognized as heir, and that the curator may be ordered to deliver to her all the property of the succession.
She also attacks the correctness of the claim of Rougieux for twelve thousand dollars, which was placed on the tableau of distribution filed by said Rougieux, curator.
The final account of the curator has not been rendered; there is nothing in the record before us to show that any of the debts of the succession have been paid, except the judicial admissions of plaintiff in her petition, and these admissions are coupled with the charge that the three thousand three hundred and twenty-six dollars and fifty cents applied to the partial extinguishment of the simulated mortgage claim of Rougieux were appropriated by the curator to himself wrongfully and fraudulently.
“ Until an heir be recognized and admitted as such, he has no action to compel the curator to account or to deliver to him. the property of the *579 succession.” Stein v. Bowman, Curator, 9 La. 284. 11 La. 182.
However, an lieir may sue to be recognized a3 heir for an account, and for the property in the hands of the curator in the same suit. The demands are not inconsistent, and they may be cumulated. C. P., Articles 148, 151.
This action was properly brought, therefore, in the probate court, in which the succession of Olaude Guichonnet was opened, and was in courso of administration. C. C., Art. 1181. 4 R. 9. 4 A. 223. C. P., Art. 1000.
It is proved that Claude Guichonnet, aged upwards of sixty years, had retired from business, and lived upon the rents of his property; that ho was frugal, and had but little use for money; that in May, 1865, less than two months before his death, and about one year after the date of the act of mortgage to Rougieux, C uide Guichonnet said “he had lent his money to the lady with whom he boarded; her name was Rougieux.”
In the same conversation, he expressed regret at having driven away his wife, and he said “he would try to collect the money he had loaned out that he might be able to bring her back again.”
He was illiterate, and we may fairly infer from the evidence, that he was weakmined.
On the other hand, it is proved that Malvina Amen the Rougieux is “ a kind of fortune-teller,” who, though married, lived apart from her husband in the same house with the deceased, and that “ she had no means.” The evidence also establishes the fact that Aman Rougieux, her husband, had but little means.
It is remarkable that the alleged loan of $12,000 was made by the wife, without the concurrence or authorization of the husband — the head and master of the community — and that the property mortgaged was worth less than half the sum to be secured. It is also remarkable that, notwithstanding it is proved that the deceased was very economical, in about thirteen months he had dissipated this large sum of money; and at his death, he owed five dollars for rent for one month for the room he had occupied; and all the personal effects he had consisted of “ an indifferent armoire, an old bod, and his clothes, which were of but little value, and were given to beggars. ”
The District Judge, who heard the witnesses in this case, declared tho claim of Rougieux fictitious and unjust; and after a careful examination of the evidence in the record, we are forced to the same conclusion.
The property of the succession was appraised and sold at four thousand three hundred dollars.
A tableau of distribution was filed by the curator, on the 13th September, 1865, exhibiting debts amounting in the aggregate to (®973 50) nine hundred and seventy-three dollars and fifty cents, besides the fictitious claim of Rougieux.
The tableau of distribution was advertised and homologated.
The attorney of absent heirs was not cited before the homologation of the tableau, nor did he make any appearance in the proceedings had thereon.
The plaintiff was absent from the State, and she had no knowledge of the proceedings.
The homologation of the tableau, under the circumstances, does not *580 estop the heir from proceeding against the curator for an-account, or for the remainder of the proceeds of the sale of the succession property in Iiis hands, if he had ¿led an account. Miller et al. v. King, 10 A. 674. Ford et al. v. Newcomer et al., 14 A. 706. Acts of 1852, p. 200.
Rougieux was not a creditor. This, however, did not vitiate his ap-pointment as curator, or the acts done in conformity to law, in due course of his administration.
We agree with the Judge a quo, that the plaintiff has fully established her right, under the marriage contract, to all the property of the deceased, after paying the debts against the succession. C. C., 2316, 23Ü8, 2309 and 2311. Criswell v. Seay et al., 19 La. 529.
It is therefore ordered, adjudged and ' decreed that the judgment rendered by this Court in this case, on the 18th May, 1868, be set aside. It is further ordered, adjudged and decreed that the judgment of the District Court, so far as it declares the plaintiff to be the surviving spouse of Claude Guichonnet, deceased, and as such entitled to his entire estate under the marriage contract, and that the claim of Aman Rougieux for twelve thousand dollars is fictitious, null and void, be affirmed; and that said judgment be reversed and annulled in all other parts.
It is further ordered, adjudged and decreed that there be judgment in favor of Louisa Miller, widow Guichonnet, and against Aman Rougieux, curator of the succession of Claude Guichonnet, for the sum of three thousand three hundred and twenty-six dollars and fifty cents, being the remainder of the proceeds of the sale of the property inventoried, after the payment of the debts of the succession, with five per centum per annum interest thereon from 14th of April, 1806, till paid. It is further ordered that the right of the plaintiff be reserved to proceed against Amant Rougieux and Malvina Amenthe Rougieux for property belonging to the succession of Claude Guichonnet, and not inventoried, which may have been appropriated by them or either of them.
It is further ordered that Aman Rougieux, curator, pay the costs of the lower court, and that the plaintiff and appellee pay the costs of the appeal.

Tho opinion rendered in this case in May, 1868, being overruled by this opinion, is not published.