No. 6556.

T. J. POWELL, ADMR., VS. F. S. GARNER.

Notice to heirs is not necessary for the legal homologation of an administrator account when the succession is insolvent.

Due course of administration, *quoad* privileged claims, means that they are to be paid at once if funds are in hand, and if not, that the property of the succession sufficient to pay them must be sold to obtain the funds.

It is the duty of the lower court to order a sale of so much of the property of a succession as is necessary to pay debts, when the creditors apply for such sale, whether the heirs be minors or majors, and whether accepted with benefit of inventory or not.

Powell *vs.* Garner.

When a creditor applies for the sale of property, the administrator must have notice of the application in order that he may have opportunity to shew it is not needed, as for instance that he has money in hand with which to pay the creditor.

An order of sale, made upon an *ex parte* motion, rule, or other proceeding of a creditor, without notice of any kind to the representative of the succession is irregular, and will be set aside.

APPEAL from the Parish Court of Carroll. Moss, J.

*Montgomery* for Plaintiff and Appellant. *Kennedy* for Defendant.

MANNING, C. J. Garner was administrator of W. M. Benton's succession. In November 1875, he presented to the parish court a final account of his administration, and a petition for his discharge. He was discharged, and his account was homologated. In it was an unpaid claim due himself of $855.93, of which $400.37 is for commissions, and the residue for money paid by him for the succession. Powell was then appointed administrator. Garner presented to him his claim for recognition, and it was recognized by writing on the back of it that it was a valid claim and should be paid in due course. Garner then presented it to the parish judge for classification, who ranked it as a privileged claim, and on same day also presented his petition praying for a sale of the succession property to pay it. The order of sale was made in chambers instanter.

Powell then obtained this injunction forbidding the sale on the averments that the order therefor was made without notice to him, that the succession is insolvent and Garner's claim can be paid only concurrently with other creditors, and that the claim is a balance in Garner's favor upon account rendered which was homologated without notice to the heirs.

The filing of Garner's account had been advertised in the usual way. The succession being insolvent, the heirs have no interest in it, and notice to them is not required. Poultney *v.* Cecil, 8 La. 321 ; Stein's Case, 9 La. 281; Arrieux *v.* Pugas, 5 Rob. 453. Due course of administration *quoad* privileged claims is to pay them if funds are in hand, and if not, to sell property to obtain funds. The objection that the judgment of homologation of Garner's account can have no force and effect in establishing the validity of his claim because it was rendered without notice, is answered by the fact of Powell's subsequent recognition of it as valid. The fact that the order of sale was made without notice to the administrator is fatal to its legality.

The duty of the court is to order so much of the property under administration as is necessary to pay its debts to be sold when the creditors apply for such sale. Code Prac., Arts. 990–2. But the sale should not be ordered if there be funds in the hands of the administrator sufficient to pay the debts, and therefore when a creditor applies for such sale, the administrator should have an opportunity to show that it was not needed, and for that purpose he should have notice of the application of the creditor. A sale upon an *ex parte* motion, rule, or other proceeding of the creditor without notice of any kind to the representatives of the succession is irregular.

*Judgment reversed, and injunction perpetuated reserving to defendant the right to apply for a sale conformably to law.*