No. 6175.

# MRS. MARY BEATTY vs. HUGH H. SHARP.

## Syllabus.

In an action of boundary a division line which has been laid out by a surveyor's marks, and adopted by vendors and vendees in acts of partition and sale, and according to which fences have been built and lands cultivated will be adopted as the boundaries fixed by the will of the owners in preference to ancient titles.

Appealed from the 28th Judicial District Court for the Parish of Jefferson, No. 1303. Hon. P. E. Edrington, Judge. Transferred from Supreme Court No. 20,303.

Prentice E. Edrington, Jr., for plaintiff and appellee.

L. H. Marrero, Jr., for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is an action of boundary.

By acts of E. G. Gottschalk dated November 24, 1866, J. E. Coffey, dated February 4, 1867, Robert William Sharp purchased the following described property, viz:

Two tracts of land in the Parish of Jefferson on the right bank of the Mississippi designated by the Nos. 6 and 7 on a plan deposited in the office of Gottschalk as plan No. 48, measuring according to said plan as follows: tract No. 6, two arpents, 15 toises front on the public road, 11 arpents, 15 toises wide in the rear, 79 arpents, 19 toises on the line of tract No. 5 and 78 arpents, 10 toises and 2 feet on the line of tract 7, etc.

Tract No. 7 measures 1 arpent front on the public road, 1 arpent wide on the rear, 78 arpents, 10 toises and 2 feet

on the line of tract 6, and 78 arpents, 9 toises and 4 feet on the side of tract 8, etc.

On December 7, 1898, Robert W. Sharp sold to his son Hugh H. Sharp the upper half of said two tracts described as follows:

A certain tract of land measuring about one arpent and three-fourths of an arpent more or less front on the Mississippi River by a depth of 79 arpents more or less, at which depth the said tract of land has a width of 6 arpents and seven and one half toises, the said tract being bounded above by the property of Mr. Ames and below by Robert W. Sharp, being the upper one-half of the above 2 tracts.

On July 3, 1901, Henry L. Zander, surveyor of the Parish of Jefferson, at the request of Robert and Hugh Sharp and in their presence and with their consent and approval staked off the boundary line between their properties, as agreed between them, and made a map or plan to that effect and giving each 400' 10'' 2' '' front to the river and 456' 3'' front on the T. & P. railroad. Upon the line as established by that survey Robert W. Sharp and Hugh H. Sharp at once built a fence as a boundary between their properties, and that fence is still in existence upon the same line, and Hugh H. Sharp has been in the actual physical possession of the land so enclosed ever since July, 1901.

On November 15, 1906, Robert Sharp sold to John Lotz one undivided half interest of his lower half of said two tracts bounded above ''by the property of Hugh H. Sharp'' and below by Robert and Fred Klein.

On January 12, 1909, Robert W. Sharp died leaving several heirs.

The wife of John Lotz also died in 1907, leaving several heirs and children.

After lengthy judicial proceedings which would serve no useful purpose to describe, John Lotz and the heirs of his wife and of Robert Sharp by act of J. K. Bailey dated June 6, 1910, sold to Miss Mary Beatty a tract of land measuring about one and three-fourths arpents more or less front on the Mississippi River bounded on the upper side by the property of Hugh H. Sharp, the derivation of title of each of the vendors is given with care.

By an act of J. K. Bailey dated June 6, 1910, Miss Mary Beatty sold to Hugh H. Sharp the following property:

A certain tract of land measuring 50' 1'' front on the Mississippi River designated as lot ''B'' as per plan of survey by H. L. Zander, Parish Surveyor, dated August 30, 1907, attached to an act of sale of the said Hugh H. Sharp to John Lotz passed before L. H. Marrero, Notary, Parish of Jefferson, on March 23, 1907, said tract of land being bounded on the upper side by the property of the present purchaser (Hugh H. Sharp) and on the lower side by the property of the present vendors. Upon this plan the dimensions of the land of Hugh H. Sharp are given on the river and on the railroad the same as on the plan dated July 3, 1901.

The acts of sale to each one of the vendors of Miss Beatty refer specially to this plan of H. L. Zander for the measurements and designation and boundaries of each tract of land sold. See act of Hugh H. Sharp to John Lotz before L. H. Marrero dated March 23, 1909, for lot ''A,'' act by same to Ella Sharp for lot ''C,'' act by same to Lilly Sharp for lot ''D.''

On May 17, 1911, Miss Beatty filed the present suit in which she alleged that she was the owner of the tract of land described above, measuring about one and three-fourths arpents, more or less, front on the Mississippi

— 356 —

River, less the tract sold by her to Hugh H. Sharp, measuring 50' front on the Mississippi River; that the boundary line between the two contiguous estates of petitioner and Hugh H. Sharp has never been established to the satisfaction of either party, the plaintiff or the defendant, and that petitioner desires to have the same definitely fixed in the manner prescribed by law; and she prayed for the appointment of a surveyor to ascertain and fix the correct lines.

The surveyor was appointed and made a report altogether in conflict with the plan of Zander. The difference between the two surveyors is that Zander's plans of 1901 and 1907, are based upon the original arbitrary division of the two tracts, the portion sold by Robert Sharp to his son, and the one kept by him, while the plans of Daney and Waddill are made from the original titles and surveys according to titles.

The judgment of the District Court was in favor of the plaintiff approving the plan and the survey of the surveyors appointed by it, Daney and Waddill.

We are of the opinion that the Judge of the lower Court erred. Robert W. Sharp was incontestably the owner of the two tracts 6 and 7, adjoining each other. He sold to his son Hugh H. Sharp "the upper half" of said two tracts. If there was any ambiguity as to what either one or both understood by the words "upper half" they solved and made clear the ambiguity when they went upon the grounds in 1901, with a surveyor, measured the grounds, made a survey, drove stakes and immediately thereafter built a dividing fence on the lines set forth upon the survey and occupied separate and exclusive possession in accordance with said survey, C. C., 1949, 1956. Hugh H. Sharp, after this survey and fence, became the undisputed owner of all the lands enclosed by

— 357 —

that fence, while Robert W. Sharp and his heirs lost all ownership of them. But more than this. This actual survey and plan of Zander of 1901, was adopted as the foundation of the plan of Zander of 1907, by Lotz and all the heirs of his wife as well as by the heirs of Robert W. Sharp and by the plaintiff herein, Miss Mary Beatty, when she sold to the defendant herein Hugh H. Sharp. This plan of Zander of 1907, is referred to in the act of sale so as better to identify the property sold by letter, location, dimentions, boundaries, and owners above and below; indeed it is a sale per aversionem. We think the plaintiff bound by that Zander survey and plan.

The jurisprudence has established that in an action of boundary, a division line which has been laid out by a surveyor's marks, and adopted by vendors and vendees in acts of partition and sale, and accordingly to which fences have been built and lands cultivated, will be adopted as the boundaries fixed by the will of the owners in preference to ancient titles.

C.C., 843, (839); 844, (840); 11 La., 182; 17 La., 349; 4 A., 301; 7 A., 573; 9 A., 515; 14 A., 489.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided, annulled and reversed at the cost of plaintiff in both Courts, and it is further ordered that the lines established by the plans of Henry L. Zander, dated February 3rd, 1901, and August 30th, 1907, be approved as the correct survey establishing the proper boundaries of the lands of plaintiff and defendant herein.

Opinion and decree, June 26th, 1914.